```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                :     05 Cr. 1041-01 (GEL)
                                         :     08 Civ. 3226 (GEL)
             -against-                   :
                                         :            **ORDER**
DOUGLAS SELLERS,                         :
                                         :
                     Defendant.          :
                                         :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      On June 2, 2006, defendant Douglas Sellers was sentenced by this Court to 108 months in prison, following his plea of guilty to two counts of crack distribution and one count of being a felon in possession of a firearm. Sellers has now moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the retroactive reduction in the sentencing guidelines applicable to offenses involving crack cocaine.

      Preliminarily, although Sellers filed his application for sentence reduction in the form of a § 2255 petition, the application is not a proper § 2255 petition because nowhere in Sellers's application papers does he contend that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rather than contending that his sentence was unlawful and should be vacated, Sellers seeks to take advantage of the recent revision to the crack sentencing guidelines and requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Not only is Sellers's application not a proper § 2255 petition, moreover, but treating it as such would subject Seller to the limitations imposed on "second or successive" § 2255 petitions. 28 U.S.C. § 2255(h). Accordingly, insofar that Sellers's application has been treated as a § 2255 petition that has been assigned a separate civil docket number (08 Civ. 3226), the Clerk of Court is respectfully directed to close that case. Sellers's application will be treated as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) solely in his criminal case (05 Cr. 1041-01).

      With regard to Sellers's motion for sentence reduction, the Court notes that even if the requested reduction in sentence is granted, the defendant's expected release date will not be imminent. While it is desirable that any uncertainty about the expected length of a prisoner's sentence be resolved expeditiously, in light of the Government's need to respond to a heavy volume of applications for similar sentence reductions in which the effect of the reduction may be to make a prisoner eligible for immediate release, it is appropriate to grant the Government a reasonable time to respond to those applications that are less urgent. Of course, the Government

is permitted, and encouraged, to submit its response more expeditiously if that may be done without undue inconvenience.

    Accordingly, it is hereby ORDERED that the Government respond to the instant application on or before July 21, 2008. If the Government opposes the application, defendant may file a reply on or before August 4, 2008. In addition, for the reasons stated above, the Clerk of Court is respectfully directed to close the case assigned docket number 08 Civ. 3226.

SO ORDERED:

Dated: New York, New York
      April 10, 2008

_____
GERARD E. LYNCH
United States District Judge